GISPERT v. THE REGISTRAR OF PROPERTY.

APPEAL from the Registrar of Property of Ponce.

No. 11.—Decided June 27, 1906.

</div>

RECORD OF TITLES—PRIOR RECORDS IN FAVOR OF PERSON EXECUTING SAME.— In order that deeds transferring or encumbering the ownership or possession of real property or real rights may be recorded in the registry of property, the right of the person executing the same or in whose name the transfer or encumbrance is made must appear upon the record.

The facts are stated in the opinion.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Pedro Gispert y Gely from a decision of the Registrar of Property of Ponce, refusing to admit a number of estates to record.

By public deed executed in Ponce before Alberto Salicrup, a notary of said city, on September 2, 1904, Francisco Ríos y Jorge and his wife, Nicómades Rodríguez Alvarado, sold to Antonio González y Martinez, under an agreement of redemption, a house situated on Cantera street of that city, on a lot belonging to the Bonilla Estate, which lot is not described. The vendors alleged they had built the house at their own expense with funds of the conjugal partnership, and upon this deed being presented in the Registry of Property of Ponce for record, the admission thereof to record was denied by the

registrar on the grounds stated in the decision placed at the foot of said document, which reads as follows:

"The record of this document is denied on account of the incurable defect with regard to the building, that the lot is not recorded in the name of the Bonilla Estate, and it is impossible to continue the search for the purpose of establishing this circumstance, because a description of the lot upon which the house is alleged to be built, containing the name of the owner or owners thereof, has been omitted; and on account of the additional defect that the owner of the soil has not given his consent to the construction in question; and in lieu of such record a cautionary notice is entered effective for the period of four months, at folio 244 of book 136 of this city, estate No. 6115, Record A; and with regard to the sale, because the house alienated is not recorded in favor of the vendors. A cautionary notice having also been made in lieu therof, effective for four months, at folio 244, reverse side, of the same book and estate, Record B. Ponce, April 16, 1906.—José Satraño Belaval, registrar."

Subsequently—that is to say, by another deed of March 28, 1905, also executed in Ponce, before the same notary—Francisco Ríos y Jorge and his wife, Nicómades Rodríguez, assigned to Luisa Rodríguez, the wife of Modesto Quiñones, the right of redemption from Antonio González y Martínez of the house described, within a term to expire on the 2d of September of said year, upon the delivery to González of the $130 representing the price of the sale, the assignee becoming subrogated to all the rights and obligations of the assignors; and upon presentation of this deed in the registry of property for record, such record was also denied on the grounds set forth in the decision placed at the foot of said deed, which, copied literally, reads as follows:

"The foregoing document is not admitted to record because the right assigned is not recorded in favor of the assignors nor of any other person, and in lieu thereof a cautionary notice has been entered, effective for four months, at folio 245 of volume 136, estate No. 6115, Record C. Ponce, April 16, 1906.—José Satraño Belaval, registrar."

By a subsequent instrument of June 9, 1905, also executed

in Ponce before the same notary, Luisa Rodríguez and her husband, Modesto Quiñones, assigned to Pedro Gispert y Gely the right to redeem the estate in question in consideration of the sum of $60, which the assignors received at the time of the execution of the instrument; and Pedro Gispert having delivered to Antonio González y Martínez the $130, the agreed price of the repurchase, Antonio González, with the consent of his wife, Rita Alvisú, resold the said house to.Pedro Gispert y Gely, to have and to hold as the sole and exclusive owner thereof; and upon presentation of this deed in the registry for record, such record was also denied on the grounds set forth in the decision placed at the foot thereof which, copied literally, reads as follows:

"The record of the foregoing document is denied for the reason that the house is not recorded in favor of the assignor, nor in the name of any other person, and in lieu thereof a cautionary notice is entered effective for four months, at folio 245, reverse side, and 246, book 136 of this city, estate No. 6115, Records D and E.  Ponce, April 16, 1906. —José Satraño Belaval, registrar."

Pedro Gispert y Gely took this appeal to this Supreme Court from the said decisions of the registrar, seeking their reversal and the issuance of an order to the registrar to record the deeds at his cost and without any defect.

It is a fundamental precept of the Mortgage Law contained in article 20 thereof, that to record or enter instruments transferring or encumbering the ownership or possession of real property or property rights the interest of the person conveying it, or in whose name the transfer or encumbrance is made, must be previously recorded; and that registrars shall refuse to record such instruments so long as this requisite has not been complied with, being held directly responsible for the damage they may cause third parties by a violation of this provision; and as the house alleged to have been built by Francisco Ríos upon the lot belonging to the Bonilla Estate is not recorded in his name, nor the lot in the name of said estate,

nor the rights the subject of the subsequent deeds of March 28 and June 19, 1905, which house was sold by deed of September 2, 1904, to Antonio González y Martínez under an agreement of repurchase, the record of such documents must be denied according to the provisions of the said article of the Mortgage Law.

The decisions of the Registrar of Property of Ponce entered at the end of the deeds in question are affirmed, and it is ordered that said deeds be returned to him with a certified copy of this decision, for his information and other purposes.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.